UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD MOORE, | ) | 1:10-cv-1966 OWW SKO |
| | ) | |
| Plaintiff, | ) | ORDER AFTER SCHEDULING |
| | ) | CONFERENCE |
| v. | ) | |
| | ) | Further Scheduling |
| D.W. INVESTMENTS, INC., dba | ) | Conference: 9/9/11 8:15 |
| WIENERSCHNITZEL #301; GALARDI | ) | Ctrm. 3 |
| GROUP REALTY CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.   Date of Scheduling Conference.

   June 9, 2011.

II.  Appearances Of Counsel.

   Tanya E. Moore, Esq., appeared on behalf of Plaintiff.

   Keith M. White, Esq., appeared on behalf of Defendant DW Investments, Inc. dba Wienerschnitzel #301.

   Ryan M. McNamara, Esq., appeared on behalf of Defendant Galardi Group Realty Corp.

III. Summary of Pleadings.

   1.   This is a civil rights action by Plaintiff Ronald Moore (hereinafter referred to as "Plaintiff") for alleged discrimination at the building, structure, facility, complex,

1

property, land, development, and/or surrounding business complex known as: Wienerschnitzel, located at 1768 West Shaw, Fresno, California (hereinafter referred to as the "Restaurant"). Plaintiff seeks damages, injunctive and declaratory relief, attorneys' fees and costs, against D.W. Investments, Inc. and Galardi Group Realty Corp. (hereinafter collectively referred to as "Defendants").

IV.   Orders Re Amendments To Pleadings.

    1.   Plaintiff reserves the right to amend his complaint after he has had the property and facility inspected by a Certified Access Specialist.

    2.   The parties propose the deadline for amendments be August 26, 2011.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Defendant DW Investments, Inc. dba Wienerschnitzel #301 is a sub-tenant to Galardi Group Realty Corp.

        2.   Galardi Group Realty Corp. is a master tenant to Cox, the owner of the underlying real property.

        3.   The owner of the real property, Cox, has resolved all issues with the Plaintiff and will no longer participate in the lawsuit.

        4.   The Restaurant that is the subject of this case is located at 1768 West Shaw, Fresno, California.

    B.   Contested Facts.

        1.   All remaining facts are in dispute.

///

VI. Legal Issues.
    A.   Uncontested.
         1.   Jurisdiction exists under 28 U.S.C. §§ 1331 and 1342 and the Americans with Disabilities Act.  Plaintiffs invoke supplemental jurisdiction under 28 U.S.C. § 1367.
         2.   Venue is proper under 28 U.S.C. §§ 1391(b) and (c).
         3.   The parties agree that as to supplemental claims, if jurisdiction exists, the substantive law of the State of California provides the rule of decision.
    B.   Contested.
         1.   All remaining legal issues are disputed.
VII. Consent to Magistrate Judge Jurisdiction.
     1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.
VIII.   Corporate Identification Statement.
     1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.
IX. Discovery Plan and Cut-Off Date.
    A.   Changes in Timing.
         1.   Defendants request a ninety (90) day stay on all disclosures and discovery in order to allow sufficient time to work out the terms of settlement.

      2.    Plaintiff does not request any changes in the timing, form, or requirement for disclosures under Rule 26(a). If a stay on disclosures and discovery is ordered, Plaintiff requests that all dates requested herein be extended an additional ninety (90) days as well.

    B.    Cut-Off Date for Non-Expert Discovery.

      1.    The parties propose a discovery cut-off date in January 2012.

    C.    Suggested Timing of the Disclosure of Expert Witness Discovery as Required by Fed. R. Civ. P. 26(a)(2).

      1.    The parties request that any expert exchange be simultaneous between all parties ninety (90) days prior to the close of discovery, with supplemental disclosures thirty (30) days later.

    D.    Changes in the Limits on Discovery.

      1.    The parties do not request changes to the limitations on discovery, aside from those imposed by the Federal Rules of Civil Procedure and local rules.

    E.    Protective Order Relating to the Discovery of Information.

      1.    The parties do not anticipate at this time that such protective order will be required.

    F.    Timing, Sequencing, Phasing or Scheduling of Discovery.

      1.    The parties do not seek a timetable for discovery outside of the Court's Scheduling Order.  The parties do not believe discovery should be conducted in phases or limited to particular issues.

    G.    Discovery Outside of the U.S.

1           1.    The parties do not anticipate the need to take discovery outside the United States.

    H.    Video and/or Sound Recording of Depositions.

        1.    The parties anticipate that all depositions will be videotaped.

    I.    Mid-Discovery Status Report and Conference.

        1.    The parties propose a date in November 2011 for status report and conference.

    J.    Discovery Relating to Electronic, Digital and/or Magnetic Data.

        1.    The parties do not anticipate at this time that such discovery will be required.

    K.    The case is stayed as follows:

        1.    The parties have agreed to a ninety (90) day stay in which they will attempt to resolve the case.  Accordingly, a further Scheduling Conference shall be held September 9, 2011 at 8:15 a.m. in Courtroom 3.

IT IS SO ORDERED.

**Dated:   June 13, 2011**                    **/s/ Oliver W. Wanger**
                                                                    UNITED STATES DISTRICT JUDGE